UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. VALDEZ,<br><br>                        Petitioner,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION,<br><br>                        Respondent. | Civil No.   11cv2513-BEN (JMA)<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE** |

      Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than January 3, 2012,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

      In addition, Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id.

Federal courts lack personal jurisdiction over a habeas petition which has named an improper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named "California Department of Corrections and Rehabilitation" as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which he is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

### CONCLUSION AND ORDER

Based on the foregoing, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to satisfy the filing fee requirement and failure to name a proper respondent. To have this case reopened, Petitioner must satisfy the filing fee requirement and file a First Amended Petition no later than **January 3, 2012** in conformance with this Order. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application and a

blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED:  November 5, 2011**

_____
**Hon. Roger T. Benitez
United States District Judge**

CC:             ALL PARTIES